UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2016 FEB -3  PM 2: 27

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| v. | ) Cause No. 1:16-cr- 1:16-cr-0025 SEB-MJD | |
| BENNITO L. RODRIGUEZ, a/k/a Benny | ) | -01 |
| BROOKLYNN G. MACK, | ) | -02 |
| RASHAWN A. VAUGHN, a/k/a Ray, | ) | -03 |
| ERIC L. GUDE, | ) | -04 |
| RASHAAN S. PERKINS, a/k/a Phil, a/k/a D, | ) | -05 |
| ANTHONY L. HARDY, | ) | -06 |
| JAMES D. HANEY, | ) | -07 |
| JUSTIN M. ROBERTS, a/k/a Booger, | ) | -08 |
| TRAVIS D. BROCK, and | ) | -09 |
| MICHAEL A. DOYLE, | ) | -10 |
| Defendants, | ) | |

## INDICTMENT

### COUNT ONE

**[Conspiracy to Distribute Controlled Substances – 21 U.S.C. § 846]**

The Grand Jury charges that:

From on or about June 25, 2015 through February 3, 2016, in the Southern District of Indiana, Indianapolis Division, and elsewhere, BENNITO L. RODRIGUEZ, a/k/a Benny, BROOKLYNN G. MACK, RASHAWN A. VAUGHN, a/k/a Ray, ERIC L. GUDE, RASHAAN A. PERKINS, a/k/a Phil, a/k/a D, ANTHONY L. HARDY, JAMES D. HANEY, and JUSTIN M. ROBERTS, a/k/a Booger, did knowingly and intentionally conspire together and with other

1

persons, known and unknown to the Grand Jury, to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## OBJECTS OF THE CONSPIRACY

The charged conspiracy had the following objects:

1. The distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled substance.

2. The distribution of oxymorphone, a Schedule II Narcotic Controlled Substance. Oxymorphone is the active ingredient in Opana, a prescription painkiller manufactured by Endo Pharmaceuticals.

## MANNER AND MEANS

1. BENNITO L. RODRIGUEZ ("RODRIGUEZ"), a resident of Scottsburg, Indiana operated a drug trafficking cell in Scott County, Indiana. RODRIGUEZ distributed methamphetamine and oxymorphone through his drug trafficking cell.

2. BROOKLYNN G. MACK ("MACK"), a resident of Scottsburg, Indiana, assisted RODRIGUEZ with the operation of his drug trafficking cell by driving with RODRIGUEZ to obtain methamphetamine and oxymorphone from his sources of supply and distributing methamphetamine and oxymorphone for RODRIGUEZ.

3. RASHAWN A. VAUGHN ("VAUGHN"), a resident of Louisville, Kentucky, supplied RODRIGUEZ with methamphetamine and oxymorphone. ERIC L. GUDE ("GUDE"), a resident of Indianapolis, Indiana, supplied RODRIGUEZ with methamphetamine and oxymorphone.

4. RASHAAN S. PERKINS ("PERKINS"), a resident of Detroit, Michigan, supplied VAUGHN with oxymorphone.

5. ANTHONY L. HARDY ("HARDY"), a resident of Indianapolis, Indiana, supplied GUDE with methamphetamine.

6. RODRIGUEZ distributed methamphetamine and oxymorphone to JUSTIN M. ROBERTS ("ROBERTS") for redistribution. RODRIGUEZ distributed oxymorphone to JAMES D. HANEY ("HANEY") for redistribution.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the object of the conspiracy, that is to distribute controlled substances, the members of the conspiracy did commit, among others, the following overt acts:

1. On or about June 11, 2015, ROBERTS delivered approximately one-eighth ounce of methamphetamine to a confidential informant at 97 Broadway Street, Austin, Indiana.

2. On or about June 23, 2015, ROBERTS delivered approximately one-quarter ounce of methamphetamine to a confidential informant at 5267 North Water Tower Road, Austin, Indiana.

3. On or about June 25, 2015, HANEY delivered 5 oxymorphone pills to a confidential informant at the parking lot of a Sunoco gas station in Austin, Indiana.

4. On or about July 1, 2015, ROBERTS delivered approximately one-half ounce of methamphetamine to a confidential informant at 5267 North Water Tower Road, Austin, Indiana. ROBERTS also possessed an additional quantity of oxymorphone for distribution.

5. On or about July 10, 2015, RODRIGUEZ delivered approximately one-half ounce of methamphetamine to a confidential informant at RODRIGUEZ' residence, located at 900 West Owen Street, Scottsburg, Indiana.

6. On or about July 13, 2015, RODRIGUEZ delivered approximately one ounce of methamphetamine to a confidential informant at RODRIGUEZ' residence, located at 900 West Owen Street, Scottsburg, Indiana.

7. On or about July 14, 2015, HANEY delivered 10 oxymorphone pills to a confidential informant at a Sunoco gas station in Austin, Indiana.

8. On or about July 20, 2015, RODRIGUEZ delivered approximately one-half ounce of methamphetamine to a confidential informant at RODRIGUEZ' residence, located at 900 West Owen Street, Scottsburg, Indiana.

9. On or about July 23, 2015, RODRIGUEZ delivered approximately one-half ounce of methamphetamine to a confidential informant at RODRIGUEZ' residence, located at 900 West Owen Street, Scottsburg, Indiana.

10. On or about July 31, 2015, RODRIGUEZ delivered approximately one-half ounce of methamphetamine to a confidential informant at RODRIGUEZ' residence, located at 900 West Owen Street, Scottsburg, Indiana.

11. On or about August 7, 2015, MACK delivered approximately 22 grams of methamphetamine to a confidential informant at a location in Scottsburg, Indiana.

12. On or about September 1, 2015, RODRIGUEZ delivered approximately one-half ounce of methamphetamine to a confidential informant at RODRIGUEZ' residence, located at 900 West Owen Street, Scottsburg, Indiana.

13. On or about October 17, 2015, GUDE delivered approximately three and one-half ounces of methamphetamine to RODRIGUEZ and MACK in the parking lot of the Comfort Inn hotel, located at 5040 South East Street, Indianapolis, Indiana.

14. On or about October 24, 2015, VAUGHN delivered approximately 265 oxymorphone pills to RODRIGUEZ at the Days Inn/Shively hotel, located in Louisville, Kentucky.

15. On or about November 4, 2015, PERKINS possessed approximately $11,000 in currency at the Greyhound Bus Station, located at 720 West Muhammad Ali Boulevard, Louisville, Kentucky. The currency constituted proceeds of the distribution of oxymorphone.

16. On or about December 3, 2015, VAUGHN delivered approximately one ounce of methamphetamine to RODRIGUEZ and MACK for redistribution.

17. On or about December 13, 2015, HARDY delivered approximately two ounces of methamphetamine to GUDE in Indianapolis, Indiana, for redistribution to RODRIGUEZ.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

### [Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about June 11, 2015, within the Southern District of Indiana, JUSTIN M. ROBERTS, a/k/a Booger, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

**[Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about June 23, 2015, within the Southern District of Indiana, JUSTIN M. ROBERTS, a/k/a Booger, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

**[Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about June 25, 2015, within the Southern District of Indiana, JAMES D. HANEY, did knowingly and intentionally distribute oxymorphone, a Schedule II, Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

**[Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about July 1, 2015, within the Southern District of Indiana, JUSTIN M. ROBERTS, a/k/a Booger, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

**[Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about July 10, 2015, within the Southern District of Indiana, BENNITO L. RODRIGUEZ, a/k/a Benny, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

**[Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about July 13, 2015, within the Southern District of Indiana, BENNITO L. RODRIGUEZ, a/k/a Benny, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHT

**[Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about July 14, 2015, within the Southern District of Indiana, JAMES D. HANEY, did knowingly and intentionally distribute oxymorphone, a Schedule II, Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINE

**[Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about July 20, 2015, within the Southern District of Indiana, BENNITO L. RODRIGUEZ, a/k/a Benny, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TEN

**[Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about July 23, 2015, within the Southern District of Indiana, BENNITO L. RODRIGUEZ, a/k/a Benny, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT ELEVEN

**[Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about July 31, 2015, within the Southern District of Indiana, BENNITO L. RODRIGUEZ, a/k/a Benny, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWELVE

**[Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about August 7, 2015, within the Southern District of Indiana, BROOKLYNN G. MACK did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THIRTEEN

**[Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about September 1, 2015, within the Southern District of Indiana, BENNITO L. RODRIGUEZ, a/k/a Benny, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOURTEEN

**[Unlawful Use of Communication Facility – 21 U.S.C. § 843(b)]**

The Grand Jury further charges that:

On or about October 24, 2015, within the Southern District of Indiana, RASHAWN A. VAUGHN, a/k/a Ray, did knowingly and intentionally use a communication facility in facilitating the commission of an act constituting a felony under the Controlled Substances Act; to-wit, VAUGHN communicated with Bennito L. Rodriguez via cellular telephone and offered

to deliver oxymorphone to Rodriguez, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTEEN

### [Unlawful Use of Communication Facility – 21 U.S.C. § 843(b)]

The Grand Jury further charges that:

On or about December 13, 2015, within the Southern District of Indiana, BENNITO L. RODRIGUEZ, a/k/a Benny, did knowingly and intentionally use a communication facility in facilitating the commission of an act constituting a felony under the Controlled Substances Act; to-wit, RODRIGUEZ communicated with Eric Gude via cellular telephone and requested Gude to provide him with methamphetamine and heroin for distribution, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT SIXTEEN

### [Distribution of Controlled Substance – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about December 13, 2015, within the Southern District of Indiana, ANTHONY L. HARDY did knowingly and intentionally distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVENTEEN

**[Possession of Methamphetamine With Intent to Distribute – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about December 13, 2015, within the Southern District of Indiana, ERIC L. GUDE did knowingly and intentionally possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHTEEN

**[Possession of Heroin With Intent to Distribute – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about December 13, 2015, within the Southern District of Indiana, ERIC L. GUDE did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINETEEN

**[Possession of Marijuana – 21 U.S.C. § 844(a)]**

The Grand Jury further charges that:

On or about December 13, 2015, within the Southern District of Indiana, ERIC L. GUDE did knowingly and intentionally possess a mixture or substance containing a detectable amount of marijuana, a Schedule I, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 844(a).

## COUNT TWENTY

### [Unlawful Use of Communication Facility – 21 U.S.C. § 843(b)]

The Grand Jury further charges that:

On or about January 2, 2016, within the Southern District of Indiana, TRAVIS D. BROCK, did knowingly and intentionally use a communication facility in facilitating the commission of an act constituting a felony under the Controlled Substances Act; to-wit, BROCK communicated with Bennito L. Rodriguez via cellular telephone and requested Rodriguez to provide him with 250 oxymorphone pills for distribution to other individuals, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-ONE

### [Unlawful Use of Communication Facility – 21 U.S.C. § 843(b)]

The Grand Jury further charges that:

On or about October 31, 2015, within the Southern District of Indiana, MICHAEL A. DOYLE, did knowingly and intentionally use a communication facility in facilitating the commission of an act constituting a felony under the Controlled Substances Act; to-wit, DOYLE communicated with Bennito L. Rodriguez via cellular telephone and requested Rodriguez to

provide him with methamphetamine for distribution, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

A TRUE BILL:

FOREPERSON

JOSH J. MINKLER
United States Attorney

By: _____
Bradley A. Blackington
Assistant United States Attorney