UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:16-cr-0025-SEB-MJD-04 |
| ERIC L. GUDE, | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and Bradley A. Blackington, Assistant United States Attorney ("the

Government"), and the defendant, Eric L. Gude ("the defendant"), in person and by counsel,

James C. McKinley, hereby inform the Court that a Plea Agreement has been reached in this case

pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The following are its terms and

conditions:

### Part 1:  Guilty Plea and Charge(s)

1.     **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to

enter a plea of guilty to the following offense(s) charged in the Indictment:

**A.**     Count One, which charges that the defendant committed the offense of conspiracy

to distribute a controlled substance, in violation of Title 21, United States Code, Section 846.

**B.**     Count Seventeen, which charges that the defendant possessed with the intent to

distribute 50 grams or more of a mixture or substance containing a detectable amount of

methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1).

C.      Count Eighteen, which charges that the defendant possessed with intent to distribute a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1).

D.      Count Nineteen, which charges that the defendant possessed a mixture or substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 844(a).

2.      **Potential Maximum Penalties**:

A.      Because the defendant has one prior felony drug conviction, and the government has filed an information pursuant to 21 U.S.C. § 851(a)(1), the offense charged in Count One is punishable by a minimum sentence of 10 years' imprisonment and a maximum sentence of life imprisonment, a fine of not less than $8,000,000, and a term of supervised release of not less than 8 years following any term of imprisonment.

B.      Because the defendant has one prior felony drug conviction, and the government has filed an information pursuant to 21 U.S.C. § 851(a)(1), the offense charged in Count Seventeen is punishable by a minimum sentence of 10 years' imprisonment and a maximum sentence of life imprisonment, a fine of not less than $8,000,000, and a term of supervised release of not less than 8 years following any term of imprisonment.

C.      Because the defendant has one prior felony drug conviction, and the government has filed an information pursuant to 21 U.S.C. § 851(a)(1), the offense charged in Count Eighteen is punishable by a maximum sentence of 30 years' imprisonment and a fine of not less than $2,000,000, and a term of supervised release of not less than 6 years following any term of imprisonment.

D.      Because the defendant has one prior felony drug conviction, and the government has filed an information pursuant to 21 U.S.C. § 851(a)(1), the offense charged in Count Ninenteen is punishable by a minimum sentence of 15 days' imprisonment and a maximum sentence of 2 years' imprisonment and a fine of not less than $2,500.

3.      **Elements of the Offense:**  To sustain the offense(s) to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

A.      Count One:  (1) a conspiracy to distribute controlled substances existed; (2) the defendant knowingly and intentionally became a member of the conspiracy; and (3) the conspiracy involved the distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

B.      Count Seventeen:  (1) the defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of methamphetamine; (2) the defendant intended to transfer the methamphetamine to another individual; (3) the mixture or substance containing a detectable amount of methamphetamine weighed 50 grams or more.

C.      Count Eighteen:  (1) the defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of heroin and (2) the defendant intended to transfer the heroin to another individual.

D.      Count Nineteen:  (1) the defendant knowingly and intentionally possessed marijuana.

3

## Part 2:  General Provisions

4.      **Sentencing Court's Discretion Within Statutory Range:**  The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty", the Court may impose the same punishment as if the defendant  had plead "Not Guilty", had stood trial and been convicted by a jury.

5.      **Sentencing Court Not Bound by Guidelines or Recommendations:**  The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court.  The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

4

6.      **Plea Agreement Based on Information Presently Known:**  The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government.  The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

7.      **No Protection From Prosecution for Unknown or Subsequent Offenses:**  The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.   The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8.      **Rights Under Rule 11(b), Fed.R.Crim.P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial;  (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Part 3:  Sentence of Imprisonment

9.      **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.  The government agrees to recommend a sentence at the minimum of the applicable sentencing guidelines range.

10.     **Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

11.     **Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

12.     **No Appeal of Supervised Release Term and Conditions:**  As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 4:  Monetary Provisions and Forfeiture

13.    **Mandatory Special Assessment:**  The defendant will pay a total of $400.00 on

the date of sentencing or as ordered by the Court to the Clerk, United States District Court,

which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. §

3013.

14.    **Fine:** The parties agree to leave the fine to the discretion of the Court.

15.    **Obligation to Pay Financial Component of Sentence**:  If the defendant is

unable to pay any financial component of the defendant's sentence on the date of sentencing,

then the defendant agrees that the payment of the financial component should be a condition of

supervised release as well as an ordered payment through the Inmate Financial Responsibility

Program of the U.S. Bureau of Prisons.  The defendant would have a continuing obligation to

pay the financial component of the sentence.  The defendant further agrees that as of the date of

filing this Plea Agreement the defendant will provide all requested financial information to the

Financial Litigation Unit of the United States Attorney's Office for the Southern District of

Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes

the Financial Litigation Unit to obtain credit reports relating to the defendant for use in the

collection of any fines and restitution imposed by the Court.

16.    **Forfeiture:**  The Defendant admits that the property listed below constitutes

contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to

which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United

States.  The defendant abandons all right, title, and interest in the property listed below so that

proper disposition, including destruction, may be made thereof by federal, state, or local law

enforcement agencies involved in the investigation of the defendant's criminal activity.  The

defendant further agrees not to contest any forfeiture action brought against any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:  $2,200 in United States currency seized from Gude on December 11, 2015.

### Part 5:  Factual Basis for Guilty Plea

17.     The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.  The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the government reserves the right to present additional evidence at the time of sentencing.

A.     From June 25, 2015 through February 3, 2016, Bennito Rodriguez operated a methamphetamine and Opana distribution cell in Scottsburg, Indiana.  Eric Gude supplied Rodriguez with a portion of the methamphetamine that he distributed in the Scottsburg area.

B.     DEA maintained wire and electronic surveillance over cellular telephones used by Rodriguez from October 16, 2015 through November 13, 2015 and December 30, 2015 through January 22, 2016.  DEA maintained wire and electronic surveillance over cellular telephones used by Gude from December 2, 2015 through December 31, 2015.

C.     During the wire and electronic surveillance maintained over these telephones, DEA documented the following drug transactions involving Gude:

- On October 17, 2015, Gude delivered three ounces of methamphetamine and one-half ounce of heroin to Rodriguez and Brooklynn Mack at the Comfort Inn hotel located at 5040 South East Street, Indianapolis

- On October 21, 2015, Gude delivered three ounces of methamphetamine and one-half ounce of heroin to Rodriguez and Mack at the Franklin Cove apartment complex in Franklin, Indiana

- On October 31, 2015, Gude delivered one ounce of methamphetamine and one ounce of heroin to Rodriguez and Mack in the parking lot of a Pep Boys store located on Washington Street in Indianapolis

- On December 6, 2015, Gude delivered two ounces of methamphetamine to Rodriguez and Mack in the parking lot of a Bath & Body Works store on County Line Road in Indianapolis

- On December 8, 2015, Gude delivered one-half ounce of heroin to Rodriguez and Mack in the parking lot of a McDonald's restaurant on Washington Street in Indianapolis

- On December 13, 2015, Gude attempted to transport two ounces of methamphetamine and one-half ounce of heroin to Rodriguez and Mack, but was interdicted on Interstate 65 near Indianapolis.  Law enforcement officers seized approximately 55 grams of methamphetamine, 14 grams of heroin, and 3 grams of marijuana.

- On December 21, 2015, Gude delivered two ounces of methamphetamine and one-half ounce of heroin to Rodriguez and Mack at 4929 Pembridge Drive, Indianapolis

9

- On December 26, 2015, Gude delivered two ounces of methamphetamine and one-half ounce of heroin to Rodriguez and Mack at 4929 Pembridge Drive, Indianapolis

- On January 1, 2016, Gude delivered one ounce of methamphetamine to Rodriguez and Mack at 4929 Pembridge Drive, Indianapolis

- On January 4, 2016, Gude delivered one ounce of methamphetamine to Rodriguez and Mack at a Shell gas station near Michigan Road and 86th Street in Indianapolis

D.     Gude is accountable for the distribution of approximately 17 ounces of methamphetamine and four ounces of heroin.

E.     The parties agree that the facts outlined above are true and correct to the best of their knowledge, information, and belief.  The parties further agree that these facts constitute a sufficient factual basis to support the defendant's plea of guilty and that this document does not constitute a complete statement of the defendant's participation in the offenses to which he intends to plead guilty.

**Part 6:  Other Conditions**

**18.     Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

19.     **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

20.     **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Part 7:  Sentencing Guideline Stipulations

21.     **Guideline Computations:**  Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.  The 2014 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

A.     **Base Offense Level:**  The parties agree that the base offense level for the offense charged in Count One of the Indictment is 30, pursuant to U.S.S.G. § 2D1.1(c)(5).  The parties further agree that the offenses charged in Counts Seventeen, Eighteen, and Nineteen group with Count One, yielding a base offense level of 30.

B.     **Acceptance of Responsibility:**  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant

11

should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

   **C.   Final Offense Level:** 27.

   **D.**   The parties further acknowledge and agree that, in the event a guidelines calculated sentence falls below a statutory mandatory term of imprisonment, the statutory minimum term becomes the guideline sentence, pursuant to U.S.S.G. § 2D2.1 commentary and § 5G1.1(b). Absent a statement of substantial assistance being filed by the government pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) or the applicability of 18 U.S.C. § 3553(f), the Court cannot sentence below a statutory mandatory minimum term of imprisonment.

## Part 8: Waiver of Right to Appeal

   **22.   Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the government's agreement to recommend a sentence at the minimum of the applicable sentencing guidelines range, the defendant expressly waives the defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal

12

specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

23.    **Collateral Attack:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the government agrees that it will not assert this waiver as a bar to the defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the defendant files such a motion, the government reserves the right to oppose the motion on any other grounds, and reserves the right to assert this waiver as a bar to an appeal from the district court's decision regarding the motion.   As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

24.    **No Appeal of Supervised Release Term and Conditions:**  The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

<u>**Part 9:  Presentence Investigation Report**</u>

13

25.     The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

26.     The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the government at any time, including prior to entry of a formal plea of guilty.

### Part 10:  Immigration Consequences

27.     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty.  The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

### Part 11:  Statement of the Defendant

28.     By signing this document, the defendant acknowledges the following:

A.      I have received a copy of the Indictment and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I

14

wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

**B.**   I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**C.**   I have read the entire Plea Agreement and discussed it with my attorney.

**D.**   I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**E.**   Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I hope to receive probation, but am prepared to accept any punishment permitted by law which the Court may see fit to impose. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**F.**   I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

G.   I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

H.   I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

I.   I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

J.   My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

K.   My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

L.   Trial of this cause has not yet been scheduled.  I request that this date be continued to permit the Court to consider this proposed guilty plea agreement.  I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty

plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 12:  Certificate of Counsel

29.     By signing this document, the defendant's attorney and counselor certifies as follows:

A.     I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Indictment in this case;

B.     To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

C.     The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

D.     In my opinion, the defendant's waiver of all reading of the Indictment in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

E.     In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

### Part 13:  Final Provision

30.     **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty.  This document is the complete and only Plea

Agreement between the defendant and the United States Attorney for the Southern District of

Indiana and is binding only on the parties to the plea agreement, supersedes all prior

understandings, if any, whether written or oral, and cannot be modified except in writing, signed

18

by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

_3/29/16_
DATE

Bradley A. Blackington
Assistant United States Attorney

_3/29/16_
DATE

Winfield D. Ong
Chief, Criminal Division

_3/29/16_
DATE

Eric L. Gude
Defendant

_3/29/16_
DATE

James C. McKinley
Counsel for Defendant

19