UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:16-cr-0025-SEB-MJD-01 |
| BENNITO L. RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and Bradley A. Blackington, Assistant United States Attorney ("the

Government"), and the defendant, Bennito L. Rodriguez ("the defendant"), in person and by

counsel, William H. Dazey, Jr., hereby inform the Court that a Plea Agreement has been reached

in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The following are its

terms and conditions:

### Part 1:  Guilty Plea and Charge(s)

1.      **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to

enter a plea of guilty to the following offense(s) charged in the Indictment:

A.      Count One which charge(s) that the defendant committed the offense of

conspiracy to distribute controlled substances, in violation of Title 21, United States Code,

Section 846.

The government agrees to dismiss the balance of the charges against the defendant at the time of

sentencing.

2.      **Potential Maximum Penalties**:  The offense is punishable by not less than 20 years' imprisonment and not more than life imprisonment, a fine of not more than $20,000,000 and a term of supervised release of not less than 10 years following any term of imprisonment.

3.      **Elements of the Offense:**  To sustain the offense(s) to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

A.      Count One:  The elements of the offense of conspiracy to distribute a controlled substance, as applied to this defendant are:  (1) a conspiracy to distribute controlled substances existed; (2) the defendant knowingly and intentionally became a member of the conspiracy; and (3) the conspiracy involved the distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of oxymorphone,.

### Part 2:  General Provisions

4.      **18 U.S.C. § 3553(a) and Sentencing Guidelines:**  The defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence the defendant to the specific sentence set forth in paragraph 9, below.  The defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in paragraph 9, below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.").  The defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

5.      **Rule 11(c)(1)(C), Fed. R. Crim. P.:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph 9, below, is the appropriate disposition of this cause. The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement. If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement. The defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise the defendant personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

6.      **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

7.      **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8.      **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the

defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial;  (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Part 3:  Sentence to be Imposed

**9.**     **Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

**A.**     **Imprisonment:** 240 months' imprisonment

**B.**     **Restitution:**  The parties agree that the defendant does not have a restitution obligation in this case.

**C.**     **Fine:**  The parties agree to leave the fine to the discretion of the Court.

**D.**     **Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

E.     **Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

F.     **No Appeal of Supervised Release Term and Conditions**:  As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

G.     **Mandatory Special Assessment:**  The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

H.     **Obligation to Pay Financial Component of Sentence**:  If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons.  The defendant has a continuing obligation to pay the financial component of the sentence.  The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures,  to the  Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and

money judgments imposed by the Court.  The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office.  If the defendant is ever incarcerated in connection with this case, the defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

I.      **Forfeiture:**  The defendant agrees that he will not contest any forfeiture actions brought in the Scott County (Indiana) court involving the forfeiture or property seized from either 900 West Owen Street, Scottsburg, Indiana or 380 North Gardner Street, Scottsburg, Indiana on February 5, 2016.

### Part 4:  Factual Basis for Guilty Plea

10.     The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the government reserves the right to present additional evidence at the time of sentencing.

A.      From early 2014 through February 5, 2016, Bennito Rodriguez operated a methamphetamine, oxymorphone (Opana), and heroin distribution cell in Scottsburg, Indiana. Rodriguez received the methamphetamine from Rashawn Vaughn and Eric Gude.  Rodriguez received the Opana from Vaughn.  Rodriguez obtained the heroin from Vaughn and Gude. Rodriguez and his wife, Brooklynn Mack, distributed the methamphetamine, Opana, and heroin in the Scottsburg area. Rodriguez' methamphetamine customers included Justin Roberts, Travis

Brock, and Michael Doyle.  Rodriguez' Opana customers included Roberts, Brock, and James Haney.

      B.     Rashawn Vaughn obtained his Opana pills from Rashaan Perkins, a resident of Detroit, Michigan, Phil Wade, and Gene LNU.  Vaughn then distributed the Opana pills to Rodriguez and Mack.

      1.     From early 2014 through the summer of 2014 (approximately four months), Perkins supplied Vaughn with approximately 60 Opana pills per month.  From the summer of 2014 through early 2015 (approximately six months), Perkins supplied Vaughn with approximately 90 to 120 Opana pills on three occasions per month.  From early 2015 until his arrest on February 5, 2016 (approximately 12 months), Perkins supplied Vaughn with approximately 200 Opana pills on three occasions per month.

      2.     From the summer of 2015 through February 5, 2016, Wade delivered approximately 400 Opana pills to Vaughn.

      3.     From approximately June 2015 through February 5, 2016 (approximately 8 months), Gene LNU delivered 60 Opana pills to Vaughn every month.

      4.     In total, Rodriguez is accountable for the distribution of approximately 9,970 Opana pills.  Each Opana pill contained 40 milligrams of oxymorphone.

      C.     Rodriguez received methamphetamine from Vaughn from the summer of 2015 until February 5, 2016.  During this eight month time period, Rodriguez received methamphetamine from Vaughn approximately twice per week, in quantities ranging from one to two ounces.

      D.     Rodriguez received methamphetamine and heroin from Eric Gude from approximately July 2015 until February 5, 2016.  During this seven month time period,

Rodriguez received both substances approximately one per week, in quantities ranging from one to two ounces of methamphetamine and one-half to one ounce of heroin. Rodriguez is accountable for the distribution of approximately 44.6 ounces of methamphetamine and 22.3 ounces of heroin that he received from Gude.

E.      On occasion, Rodriguez directed Mack to distribute methamphetamine and Opana to specific individuals and collect drug proceeds from these individuals.

## Part 5: Other Conditions

**11.    Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**12.    Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**13.    Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

## Part 6: Sentencing Guideline Stipulations

**14.    Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that

the Court will determine the advisory sentencing guidelines applicable in this case. The parties

agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the

Sentencing Guidelines has been made, and that such determination will be made by the Court.

These stipulations provide the basis for the sentence agreed upon by the parties in paragraph 9,

above. The 2015 version of the Sentencing Guidelines has been used by the parties to make the

stipulations set forth below.

 **A.** **Base Offense Level:** The parties agree that the base offense level for the offense

charged in Count One of the Indictment is 34, pursuant to U.S.S.G. § 2D1.1(c)(5).

 **B.** **Role in the Offense:** Because Rodriguez served as a manager or supervisor in

the commission of the offense, his offense level increases by three levels pursuant to U.S.S.G. §

3B1.1(b).

 **C.** **Acceptance of Responsibility:** To date, the defendant has demonstrated a

recognition and affirmative acceptance of personal responsibility for the defendant's criminal

conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of

guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant

should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in

Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified

the Government of defendant's intention to enter a plea of guilty, thereby permitting the

Government and the Court to allocate their resources efficiently. After the Defendant enters a

plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b)

requesting that the Court decrease the offense level by one (1) additional level. The parties

reserve the right to present evidence and arguments concerning the defendant's acceptance of

responsibility at the time of sentencing.

**D.     Final Offense Level:** 34

### Part 7:  Waiver of Right to Appeal

**15.     Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant agrees that in the event the Court accepts this Rule 11(c)(1)(C) plea provided for in this Plea Agreement and sentences the defendant consistent with this agreement, regardless of the defendant's criminal history category or how the sentence is calculated by the Court, then the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

**16.     Collateral Attack:** Additionally, in the event the Court accepts this Rule 11(c)(1)(C) plea provided for in this Plea Agreement and sentences the defendant consistent with this agreement, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the government agrees that it will not assert this waiver as a bar to the defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the defendant files such a

motion, the government reserves the right to oppose the motion on any other grounds, and reserves the right to assert this waiver as a bar to an appeal from the district court's decision regarding the motion.   As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

      **17.**    **No Appeal of Supervised Release Term and Conditions**:  The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 8:  Presentence Investigation Report

      **18.**    The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

      **19.**    The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the government at any time, including prior to entry of a formal plea of guilty.

### Part 9:  Immigration Consequences

      **20.**    The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty.  The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.  Removal and other

immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

### Part 10:  Statement of the Defendant

**21.**     By signing this document, the defendant acknowledges the following:

**A.**     I have received a copy of the Indictment and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

**B.**     I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**C.**     I have read the entire Plea Agreement and discussed it with my attorney.

**D.**     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**E.**     Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter

12

sentence, or probation, or any other form of leniency, if I would plead "Guilty". I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

F.      I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

G.      I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

H.      I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

I.      I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

J.      My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**K.**     My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

**L.**     Trial of this cause is not yet scheduled.  I request that this date be continued to permit the Court to consider this proposed guilty plea agreement.  I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Part 12:  Certificate of Counsel

**22.**     By signing this document, the defendant's attorney and counselor certifies as follows:

**A.**     I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Indictment in this case;

**B.**     To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

**C.**     The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**D.**     In my opinion, the defendant's waiver of all reading of the Indictment in open court, and in all further proceedings, including arraignment as provided in Rule 10,

14

Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

     **E.**    In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

### Part 12: Final Provision

    **23.**    **Complete Agreement:**  The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

                      Respectfully submitted,

                      JOSH J. MINKLER
                      United States Attorney

5/18/16
DATE

                      Bradley A. Blackington
                      Assistant United States Attorney

5/18/16
DATE

                      Winfield D. Ong
                      Chief, Criminal Division

5/12/16
DATE

                      Bennito L. Rodriguez
                      Defendant

15

5-17-16

DATE

William H. Dazey Jr.
Counsel for Defendant

16